**BRIDGES PBT, A Pennsylvania Business Trust, Appellant,**

v.

**Khalid CHATTA and Fozia A. Chatta, His Wife, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 4, 2002.
Filed March 25, 2003.

David M. Priselac, Pittsburgh, for appellant.

Barbara Cymerman, Pittsburgh, for appellee.

Alan Fluke, Pittsburgh, amicus curiae.

Before: HUDOCK, TODD, and GRACI, JJ.

GRACI, J.

¶ 1 Appellant, Bridges PBT ("Bridges"), a Pennsylvania Business Trust, appeals from an order entered in the Court of Common Pleas of Allegheny County on January 3, 2002, confirming an arbitration

award and dismissing Bridges' motion to modify such award.[1] We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶2 In 1998, Bridges contracted with Khalid and Fozia Chatta (the "Chattas") to construct improvements on commercial property owned by the Chattas. The contract required arbitration of any disputes between the parties. The Chattas failed to disburse the final payment to Bridges and, on February 16, 2000, Bridges filed a Demand for Arbitration against the Chattas seeking $75,329.00 plus interest, penalties, attorney fees and expenses, pursuant to the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. §§ 501–516 (the "Contractor Act"). The Chattas asserted a counterclaim against Bridges in excess of $100,000.00. Bridges subsequently acknowledged certain billing and workmanship deficiencies and reduced its claim to $58,735.00. The parties also entered into a partial settlement agreement whereby Bridges agreed to perform various remedial work for the Chattas valued at $10,000.00.

¶3 Following a hearing, the arbitrator awarded Bridges $35,117.00 and incorporated, by reference, all of the terms and conditions of the partial settlement agreement. The arbitrator made no award to the Chattas on their counterclaim. The arbitrator's award specifically directed that "[e]ach party shall bear their own attorney's fees and other professional expenses." Award Of The Arbitrator, 3/22/01, at 2. The arbitrator further direct-

ed the parties to share equally the administrative fees and expenses of the arbitration as well as the cost of the arbitrator's compensation. *Id.*

¶4 On April 23, 2001, Bridges petitioned the trial court to (1) enter judgment on the award of $35,711.00, and (2) modify the award to allow Bridges to recover attorney fees and expenses, interest and penalties pursuant to section 512 of the Contractor Act, 73 P.S. § 512. The trial court heard arguments and, on January 2, 2002, entered an order confirming the arbitrator's award and dismissing Bridges' motion to modify such award.[2] Bridges' timely appeal followed.

¶5 Bridges raises the following issues, which we have reworded for clarification purposes, on appeal:

1) Whether the provisions of the Contractor Act generally supersede Subchapter B of the Arbitration Act, Common Law Arbitration, 42 Pa. C.S.A. §§ 7341–7342?

2) Whether section 512 of the Contractor Act, 73 P.S. § 512, regarding awards of attorney fees and expenses, supersedes the provisions of Subchapter B of the Arbitration Act, Common Law Arbitration, 42 Pa. C.S.A. §§ 7341–7342?

Brief for Appellant, at 4.

## II. STANDARD AND SCOPE OF REVIEW

■ ¶6 Our standard of review is quite limited:

---

1. On January 31, 2002, the trial court reduced its order confirming the arbitration award to final judgment. Since judgment has been entered, the instant matter is properly before us. *Snyder v. Cress,* 791 A.2d 1198 (Pa.Super.2002). *See also* 42 Pa.C.S.A. §§ 7320, 7342.

2. Bridges had also filed a motion for partial summary judgment seeking entry of judgment on the arbitration award. The trial court effectively disposed of both motions in its order of January 2, 2002, which was reduced to final judgment by order dated January 31, 2002.

The award of an arbitrator in a [common law arbitration]³ ... is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S.A. § 7341.

The appellant bears the burden to establish both the underlying irregularity and the resulting inequity by "clear, precise, and indubitable" evidence. In this context, "irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself."

*McKenna v. Sosso,* 745 A.2d 1, 4 (Pa.Super.1999), *reargument denied, appeal denied,* 563 Pa. 677, 759 A.2d 924 (2000) (quoting *Chervenak, Keane & Co., Inc. v. Hotel Rittenhouse Associates, Inc.,* 328 Pa.Super. 357, 477 A.2d 482, 485 (1984)).

The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. A trial court order confirming a common law arbitration award will be reversed only for an abuse [of] discretion or an error of law.

*Sage v. Greenspan,* 765 A.2d 1139, 1142 (Pa.Super.2000), *reargument denied, appeal denied,* 566 Pa. 684, 784 A.2d 119 (2001) (citations omitted).

## III. DISCUSSION

¶ 7 Bridges does not argue that "fraud, misconduct, [or] corruption" tainted the arbitrator's award. Rather, Bridges contends that the arbitrator's failure to adhere to the plain language of the Contractor Act constituted an "irregularity" under the Arbitration Act. In support of this proposition, Bridges argues that the Contractor Act, enacted in 1994, superseded certain provisions of the Arbitration Act. Based upon this perceived conflict between the two laws, Bridges maintains that, at a minimum, it was entitled to attorney fees and expenses pursuant to section 512 of the Contractor Act. Bridges advances a similar, more general argument that it was also entitled to interest and penalties. Bridges' arguments are unconvincing.

■ ¶ 8 At the outset, we note our disagreement with Bridges' premise that the Contractor Act, either in whole or in part, is irreconcilable with the Arbitration Act. In examining such a claim we observe that "wherever possible effect shall be given to both the general and specific provisions. It is only where the conflict between the provisions is irreconcilable that the specific provision prevails over the general." *Hamilton v. Unionville–Chadds Ford School Dist.,* 552 Pa. 245, 714 A.2d 1012, 1014 (1998), *citing* 1 Pa.C.S.A. § 1933. "[I]t is clear that statutes are to be construed together whenever possible and, unless an irreconcilable conflict exists, effect is to be given to all provisions." *Id.*

---

3. The original construction contract is not in the record, however based upon the arguments of the parties and the findings of the trial court, we presume that the arbitration in this case was a matter of common law arbitration rather than statutory arbitration. Statutory arbitration proceedings are governed by the Pennsylvania Uniform Arbitration Act ("UAA"), 42 Pa.C.S.A. §§ 7301–7320 (Subchapter A), while common law arbitration proceedings are governed by sections 7341 and 7342 of the same chapter of the Judicial Code (Subchapter B). An arbitration agreement must expressly provide for arbitration under the UAA in order to invoke the provisions of Subchapter A. *Sage v. Greenspan,* 765 A.2d 1139, 1141 (Pa.Super.2000), *reargument denied, appeal denied,* 566 Pa. 684, 784 A.2d 119 (2001). Absent such an express statement or a subsequent agreement by the parties to that effect, "an agreement to arbitrate is conclusively presumed to be at common law and subject to the provisions of Subchapter B." *Id.*

Simply put, the Arbitration Act does not prohibit an arbitrator from including as part of his or her award penalties, interest, attorney fees and expenses. *See* 42 Pa. C.S.A. §§ 7341–7342. That the Contractor Act may provide for attorney fees and expenses does not place it in irreconcilable conflict with the Arbitration Act. Accordingly, we may construe the acts together and give effect to all of their provisions. In doing so, we reject this argument.

¶ 9 Bridges relies heavily on the language of section 512 of the Contractor Act, which does indeed contemplate the award of attorney fees and expenses. That section provides:

> Notwithstanding any agreement to the contrary, the **substantially prevailing party** in any proceeding to recover any payment under this act shall be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator, together with expenses.

73 P.S. § 512(B) (emphasis added). We presume that the legislature intended that the entire statute be effective and disfavors surplusage. *Habecker v. Nationwide Insurance Co.*, 299 Pa.Super. 463, 445 A.2d 1222 (1982); 1 Pa.C.S.A. § 1922(2). With this standard to guide us, a proper reading of section 512 reveals that an award of attorney fees and expenses is not, as Bridges argues, mandatory in every case. As the highlighted language makes clear, an arbitrator is required to award attorney fees and expenses only to a *substantially* prevailing party. Bridges would read this provision as requiring an award simply because it was the "prevailing party." *See, e.g.,* Brief for Appellant, at 4 (Contractor Act "provides for an award of attorneys fees and expenses to the *prevailing party* "); 7 (Contractor Act "specifically says that … a *prevailing party* … shall be awarded a reasonable

attorney fee and expenses"); 12 ("a *prevailing party* is entitled to its attorneys fees and expenses"); 13 ("Legislature wants *prevailing parties* … to be made whole….") (emphasis added). Bridges would have us write out the modifier "substantially." This we may not do. Under this statute, an award of attorney fees and expenses may be made by an arbitrator or court only to a substantially prevailing party.

■ ¶ 10 Here, Bridges originally sought $75,329.00 under the Contractor Act, which it reduced to $58,735.00 after acknowledging responsibility for certain billing and workmanship deficiencies. After conducting a hearing and reviewing the evidence presented by both parties, the arbitrator awarded $35,117.00 to Bridges, which was effectively reduced to $25,117.00 by the arbitrator's incorporation of a prior settlement agreement between the parties. By our calculation, Bridges ultimately received just over 40% of its already reduced claim. More importantly, the arbitrator specifically directed each party to bear its own attorney fees and expenses and to share equally the administrative costs related to the arbitration proceeding. In light of all of the aspects of the arbitration award, it is apparent to us, as it was to the trial court, that the arbitrator found that Bridges was not the substantially prevailing party. Opinion, 4/19/02, at 4. Therefore, Bridges was not entitled to an award of attorney fees and expenses under section 512 of the Contractor Act.

¶ 11 There was nothing irregular in the process employed by the arbitrator in reaching the result of the arbitration. Accordingly, we find that Bridges has failed to demonstrate that the trial court abused its discretion or committed an error of law in dismissing its motion to modify the arbi-

trator's award. The order of the trial court is affirmed.

¶ 12 Order affirmed.