# F. J. Busse Company Inc. v. Zipporah

C.P. of Allegheny County, no. GD 02-17528.

*D. Matthew Jameson III,* for plaintiff.
*Kenneth D. Perkins,* for defendant.

FRIEDMAN, *J.,* July 7, 2004—

## INTRODUCTION

Plaintiff appeals from our order dated March 3, 2004, whereby we referred the question of the amount of attorneys fees back to the arbitrators, having first concluded that such fees were mandatory under section 512(b) of the Contractor and Subcontractor Payment Act, 73 P.S. §501 et seq. We based our ruling on the case of *Bridges PBT v. Chatta,* 821 A.2d 590 (Pa. Super. 2003), which explained the interplay of mandatory counsel fees under section 512(b) with the common-law arbitration statute. Because the decision was one about which reasonable minds might differ, we certified the order for immediate appeal.

## DISCUSSION

Section 512(b) of the Contractor and Subcontractor Payment Act provides as follows:

"(b) Award of attorney fee and expenses.—Notwithstanding any agreement to the contrary, the *substantially prevailing* party in any proceeding to recover any payment under this Act *shall* be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator, together with expenses." (emphasis added)

In the *Bridges* case, the Superior Court discussed the interplay of section 512(b) with the common-law arbitration statute, 42 Pa.C.S. §7341. Although the Superior Court stated that the arbitration statute was *not* in irreconcilable conflict with the Contractor Act, it then went on to consider the underlying merits of the award and applied section 512(b) of the Contractor Act to the specific facts of the *Bridges* case to see whether they constituted an "irregularity" under section 7341 which would warrant reversing the decision of the arbitrator.

Although the Superior Court held that it was proper in that case for the arbitrator not to have awarded attorney fees to the plaintiff, it based its decision on the phrase "substantially prevailing party" in section 512(b) of the Contractor Act.

The Superior Court concluded that the trial court must have found that the plaintiff was not a "substantially prevailing party." The Superior Court based its conclusion on the fact that the plaintiff in *Bridges* had initially sought $75,329 plus interest, penalties, attorney fees and expenses. However, the arbitrator awarded plaintiff $35,117, which was effectively reduced to $25,117 based upon the $10,000 in remedial work which plaintiff agreed to perform for defendants. By comparing the $75,329 demand with the $25,117 net award, the Superior Court concluded that plaintiff only received roughly 40 percent of what he originally sought. The Superior Court also noted that the arbitrator specifically directed each party to bear its own attorney fees. By taking these two factors together, the Superior Court concluded that "it is apparent to us, as it was to the trial court, that the arbitrator found that [plaintiff] was not the substantially prevailing party. . . . Therefore, [plaintiff] was not entitled to an award of attorney fees and expenses under section 512 of the Contractor Act." 821 A.2d at 593. (citation omitted)

In the case at hand, the plaintiff sought to recover approximately $83,000, and was awarded $75,000 by the arbitration panel. This is more than 90 percent of its demand. Based upon the language of section 512(b) and the Superior Court's decision in *Bridges,* we ordered that plaintiff be awarded reasonable attorney fees and that the matter be referred back to the arbitrators to deter-

mine the amount of those fees. The Contractor Act provides that the substantially prevailing party *shall*—not may—be awarded a reasonable attorney fee. As we noted in our order, plaintiff is clearly the "substantially prevailing party," having been awarded 90 percent of its claim. It is true that the arbitrators here stated in their award that "while the arbitrators did not condone the amount of money withheld by [defendant], they did not find that [defendant's] action rose to the level that would warrant the imposition of counsel fees and expenses." We properly concluded that the mandatory language of the statute and the holding in *Bridges* deprived the arbitrators of this discretion in awarding attorney fees.

In its statement of matters complained of on appeal, defendant argues, inter alia, that "*Bridges* upholds long-standing Pennsylvania precedent supporting the finality of arbitration awards, notwithstanding the dicta of *Bridges* which apparently confuses and makes inroads into such precedent." (Statement of matters, ¶1.) While this is indeed the apparent effect of *Bridges,* it is its *holding* that does so. It is not dictum. Rather the *Bridges* court considered the merits of the arbitration award to see whether the failure to award attorneys fees was merely a permissible mistake of law or an impermissible "irregularity." This court is bound by the *Bridges* holding. The case is on all fours with the instant one: if the *Bridges* plaintiff had received 90 percent of its arbitration demand, as occurred here, the result would necessarily have been what occurred here. To the extent *Bridges* is good law, the instant decision was correct since it defers to *Bridges.*

Defendant also asserts on appeal that we improperly concluded that plaintiff was the substantially prevailing party, and states as its reasons that

"(a) the court held no hearing and was therefore incompetent to make such a legal or factual finding; and (b) the applicable statute sets forth no standards, definitions or tests from which any conclusion regarding 'substantially prevailing party' can be made. Arguably, the only party competent to make such a determination is the fact-finder, in this case, the arbitration panel, albeit without any guidance from the statute." (Statement of matters, ¶2.)

We are not persuaded by defendant's arguments on this point. As a matter of law, a party which has been awarded 90 percent of its demand cannot be anything other than a "substantially prevailing party." Furthermore, the language of section 512(b) is mandatory: a substantially prevailing party *shall* be awarded a reasonable attorney fee. It is not clear to this court what other matters could or should be introduced at the hearing defendant proposes. For us to have done anything other than to refer the question of the amount of fees back to the arbitrator would have been to ignore the clear holding of *Bridges*. The order appealed from was appropriate under *Bridges*.