

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2006

# Quinn Constr Inc v. RC Dolner

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1693

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Quinn Constr Inc v. RC Dolner" (2006). *2006 Decisions*. Paper 929.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/929

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1693
_____

QUINN CONSTRUCTION, INC.,

Appellant

v.

RC DOLNER LLC, doing business as
RC DOLNER LLC Construction;
LIBERTY MUTUAL INSURANCE COMPANY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 02-cv-08883
(Honorable William H. Yohn, Jr.)

_____

Submitted Under Third Circuit LAR 34.1(a)
April 28, 2006

Before: SCIRICA, *Chief Judge*, NYGAARD, and ALARCÓN,* *Circuit Judges*

(Filed: June 9, 2006)
_____

OPINION OF THE COURT
_____

ALARCÓN, *Circuit Judge*.

_____

    *The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

The District Court, following a bench trial in this diversity action, awarded damages to Quinn Construction, Inc. ("Quinn") based on its breach of contract suit against RC Dolner ("Dolner"). Quinn appeals from the portions of the District Court's order denying Quinn interest, penalties and attorneys' fees under the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 501 et seq. (2005) ("PCSPA"), and determining that the prime rate was the proper pre-judgment interest rate. We affirm.

**I**

In October 2000, Quinn, a concrete subcontractor, and Dolner, a general contractor, entered into a contract ("Contract") whereby Quinn agreed to provide excavation and masonry work for Dolner. Dolner approved and paid Quinn's invoices through November 30, 2001. Quinn continued to perform under the Contract until February 2002, at which time Quinn demobilized from the project. Even though Quinn had not completed all of the work under the Contract, Quinn left the job site because it had done all of the work available to it at that time.

On October 31, 2002, Quinn submitted a final payment application to Dolner for the work performed from December 1, 2001 through February 4, 2002. Dolner responded by letter on November 5, 2002 contesting some of the items billed in Quinn's invoice and claiming instead that Quinn had been overpaid by $30,363.

Quinn sued Dolner for breach of contract, unjust enrichment and quantum meruit seeking $138,637 plus statutory interest, penalties and attorneys' fees for Dolner's alleged violation of the PCSPA. After a bench trial, the District Court issued findings of fact

2

setting forth the dollar value of Quinn's work and ordered the parties to submit an accounting of amounts due based on its factual findings. After a hearing, the District Court awarded Quinn $92,385; $51,933 representing the amount due for work performed, and $40,452 representing 10% of the value of the contract that Dolner was entitled to hold as "retainage." The District Court determined that Quinn was required, under the Contract, to sign a final release as a condition to receiving the retainage from Dolner. The District Court also concluded that no statutory interest, penalties or attorneys' fees were warranted because Dolner had acted in good faith under the PCSPA and because neither party substantially prevailed in the action.

## II

Quinn contends that the District Court erred in determining that Dolner was not subject to the attorneys' fees, interest or penalty provisions in the PCSPA because Dolner acted in good faith when it withheld payments for "deficiency items" as the term is defined under the statute. We review a district court's conclusions of law de novo. *Henglein v. Colt Industries Operating Corp.*, 260 F.3d 201, 208 (3d Cir. 2001).[1]

Section 504 of the PCSPA provides for the timely payment of contractors and subcontractors, imposing penalties where an owner or general contractor fails to comply with payment provisions therein. 73 P.S. § 504. Under § 507, a subcontractor is entitled to payment upon performance and within fourteen days of receipt of the subcontractor's

---

[1]Quinn does not challenge any of the District Court's factual findings on appeal.

3

invoice, unless payment is being withheld under § 511. *Id.* at § 507. Section 511 allows contractors to withhold payment for "deficiency items," so long as the contractor provides notice of the disputed items to the subcontractor within seven days. Section 502 defines "deficiency item" as "[w]ork performed but which the owner, the contractor or the inspector will not certify as being completed according to the specifications of a construction contract." *Id*. at § 502.

The District Court found that Quinn submitted its final payment application to Dolner on October 31, 2002 and that, on November 5, 2002, Dolner informed Quinn by letter that it disagreed with Quinn's final accounting and believed Quinn may have been overpaid. Dolner indicated it was disputing fifteen line items in Quinn's final invoice because Dolner believed Quinn had completed a lower percentage of the contract work than Quinn claimed. Because Dolner complied with the good faith provisions of § 511, the District Court found that Dolner was relieved of its obligation to pay Quinn within fourteen days, as required under § 507. Accordingly, the District Court determined that Dolner had not wrongfully withheld the payments but did so "based on Dolner's good-faith belief that Quinn had been deficient in its performance." Quinn's argument that the District Court misinterpreted the PCSPA is unpersuasive. The District Court applied the plain language of the statute to the facts of this case and determined that because Dolner satisfied the good faith exception in the statute, Quinn's final payment was not "wrongfully withheld" or subject to the penalty provisions in the PCSPA.

**III**

4

Quinn's contentions that the District Court erred in denying attorneys' fees, interest and penalty payments against Dolner under §§ 512 and 507(d) of the PCSPA are equally unavailing. The District Court found that Dolner complied with the good faith provisions of § 511, thereby relieving itself of the obligation to comply with the fourteen-day payment provision set forth in § 507(c). Because payment was withheld in good faith, it was not wrongfully withheld under § 512(a), and was thus not subject to the interest and penalty provisions of the PCSPA. *See John B. Conomos, Inc., v. Sun Co.*, 831 A.2d 696, 711 (2003) (holding that the PCSPA provides for penalties and attorneys' fees to be ordered "for untimely payment of amounts *improperly withheld*") (emphasis added).

Quinn's argument that the District Court erred in not applying the statutory interest rate set forth in the PCSPA because that rate is not waivable by the parties is incorrect because the interest provision that Quinn relies on "provides for interest on *impermissibly delayed* payments." *Conomos*, 831 A.2d at 710 (emphasis added). Thus, the District Court did not err in determining that the Dolner-Quinn contract incorporated by reference the interest provision in the Owner-Contractor contract, which states that the prime rate is the applicable rate of interest on payments due and unpaid. Quinn does not challenge that finding.

For the foregoing reasons, we will affirm the judgment of the District Court.

5