Michael F. ZAVATCHEN, Jr., Appellee,

v.

RHF HOLDINGS, INC., a Pennsylvania Corporation, and Jefferson Woodlands Partners LP, a Pennsylvania Limited Partnership, Appellants,

v.

Gill Hall Land Co., A Pennsylvania Corporation, Appellant.

Superior Court of Pennsylvania.

Argued March 29, 2006.

Filed Aug. 29, 2006.

---

Jeffery A. Hulton, Pittsburgh, for appellant.

George H. Hoffman, Canonsburg, for appellee.

BEFORE: FORD ELLIOTT, P.J., BOWES, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 In this appeal, we address what "substantially prevailing party" means under the Contractor and Subcontractor Payment Act (CSPA) as it pertains to defendants. *See* 73 P.S. §§ 501–516. We conclude that a defendant is eligible for attorney fees under the CSPA, but it is within the trial court's discretion to determine if a defendant is a "substantially prevailing party." We also conclude that the trial court did not abuse its discretion when it found that the defendants were not a "substantially prevailing parties," based upon the facts of this case and the case law that we find to be of strong guidance.

¶ 2 RHF Holdings, Inc. and Jefferson Woodlands Partners LP, (hereinafter "the Companies") appeal from an order denying their post-trial motion for an award of attorney's fees. The Companies contend that they are entitled to attorney fees under the CSPA because they are the "substantially prevailing party." *See* 73 P.S. § 512(b). We find that the trial court did not abuse its discretion in denying the Companies's request for attorney fees.

Accordingly, we affirm the trial court's order.

¶ 3 On January 8, 2002, Michael F. Zavatchen filed a complaint that sought damages in the amount of $89,369.33, plus legal interest, late charges and attorney's fees under the CSPA. *See* 73 P.S. § 512. In their answer, the Companies denied liability and requested the reimbursement of attorney fees under the CSPA.

¶ 4 On September 20, 2004, the trial court began a three-day non-jury trial. Following post-trial motions, the trial court entered a verdict in favor of Zavatchen in the amount of $300.00. In their Motion for Post Trial Relief, the Companies requested an award of their attorney's fees in the amount of $84,652.37, arguing that they were the "substantially prevailing party" under Section 512(b) of the CSPA. *See* 73 P.S. § 512(b). The trial court denied the Companies's Motion for Post–Trial Relief. The Companies then filed this appeal, raising the following question for our review:

> I. Whether the trial court below erred in failing to award counsel fees to [the Companies] as the "substantially prevailing party" under the Contractor–Subcontractor Payment Act, 73 P.S. § 512, where [Zavatchen] sought damages in his complaint in the amount of $89,369.33, but was awarded only $300.00 at trial?

Brief for Appellants at 2.

¶ 5 Section 512(b) of the CSPA states, in relevant part:

> Notwithstanding any agreement to the contrary, *the substantially prevailing party* in any proceeding to recover any payment under this act shall be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator, together with expenses.

73 P.S. § 512(b) (emphasis added).

¶ 6 The Companies first contend that they are the "substantially prevailing par-

ty" under Section 512(b) of the CSPA, because Zavatchen was awarded $300.00, which is less than 1% of the amount he sought in his complaint, $89,369.33. Brief for Appellants at 11. In support of this contention, the Companies cite *F.J. Busse Co., Inc. v. Zipporah*, 68 Pa. D. & C. 4th 107 (2004), *rev'd on other grounds*, 879 A.2d 809 (Pa.Super.2005), *appeal denied*, 897 A.2d 457 (2006), a trial court decision concluding that a party is a "substantially prevailing party" if there is an award of at least 90%. Brief for Appellants at 10. We disagree with the Companies's assertion that determining whether a party substantially prevails turns on a simple mathematical comparison of the parties' respective recoveries. Our previous decision in *Bridges PBT v. Chatta*, 821 A.2d 590 (Pa.Super.2003), recognized that requiring an award of attorney's fees simply because a party won a net judgment would effectively "write out the modifier 'substantially.'" *Id.* at 593. As our Court stated:

> We presume that the legislature intended that the entire statute be effective and disfavors surplusage. With this standard to guide us, a proper reading of Section 512 reveals that an award of attorney fees and expenses is not, as Bridges argues, mandatory in every case. As the highlighted language makes clear, an arbitrator is required to award attorney fees and expenses only to a *substantially* prevailing party. Bridges would read this provision as requiring an award simply because it was the "prevailing party." Bridges would have us write out the modifier "substantially." This we may not do. Under this statute, an award of attorney fees and expenses may be made by an arbitrator or court only to a substantially prevailing party.

*Id.* (internal citations omitted) (emphasis in original).

¶ 7 While the mandatory language of section 512(b) requires an award of attorney's fees to a substantially prevailing party, *see John B. Conomos, Inc. v. Sun Co. Inc.*, 831 A.2d 696, 711 (Pa.Super.2003), the issue of whether any party to a lawsuit substantially prevailed is left to the trial court's discretion. *See Chatta*, 821 A.2d at 593 ("In light of all of the aspects of the arbitration award, it is apparent to us, as it was to the trial court, that the arbitrator found that Bridges was not the substantially prevailing party"); *Fletcher Hill, Inc. v. Crosbie*, 178 Vt. 77, 872 A.2d 292, 296 (2005) (interpreting language almost identical to Section 512(b) of the CSPA and holding that "while the mandatory language of [9 V.S.A.] § 4007(c) requires an award of attorney's fees to a substantially prevailing party, the question of whether any party to a lawsuit substantially prevailed is left to the trial court's discretion."). Therefore, in the absence of an abuse of discretion, we will not reverse a trial court's determination of whether a party is a substantially prevailing party for purposes of awarding attorney fees under section 512(b) of the CSPA.

¶ 8 We first deal with the Companies' contention that they, as defendants, are eligible for attorney's fees. Brief for Appellants at 12–13. This is the first time this Court is confronted with the issue of whether a defendant, as opposed to a plaintiff, is entitled to attorney fees under section 512(b) of the CSPA. We agree with the Companies that the language of section 512(b) encompasses both plaintiffs and defendants, by designating the word "party" instead of "plaintiff" or "claimant." *See* Brief for Appellants at 12; 73 P.S. § 512(b) ( . . . the substantially prevailing *party* in any proceeding . . . ) (emphasis added).

¶ 9 Having concluded that a defendant, if determined to be a substantially prevail-ing party, can receive attorney fees under section 512(b), we now turn to the question of whether the trial court abused its discretion when it found that the Companies were not substantially prevailing parties.

¶ 10 The terms "prevailing party" and "substantially prevailing party" have not been clearly defined with regard to the CSPA, especially as they pertain to defendants. However, these terms have been addressed in Pennsylvania and other jurisdictions where contracts or statutes similar to the CSPA make the recovery of attorney's fees dependent upon a party's status as a prevailing or a substantially prevailing party. In *Profit Wize Mktg. v. Wiest*, 812 A.2d 1270 (Pa.Super.2002), this Court explained that:

> [a] 'prevailing party' is commonly defined as 'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.' While this definition encompasses those situations where a party receives less relief than was sought or even nominal relief, its application is still limited to those circumstances where the fact finder declares a winner and the court enters judgment in that party's favor.

*Id.* at 1275–76 (interpreting prevailing party in employment agreement) (internal citations omitted). Moreover, the Supreme Court of the United States has stated, albeit in another context, that defendants are "prevailing defendants" only when the plaintiff's claim is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (interpreting prevailing party under Title VII). Similarly, the Supreme Court of Montana has stated that a defendant is generally a "prevailing party" when it "survives an action involving a counterclaim, set-off, refund or penalty with the

net judgment." *E.C.A. v. Toenyes,* 208 Mont. 336, 679 P.2d 213, 217–18 (1984) (interpreting prevailing party in the defense of a promissory note under section 28–3–704 of the MCA, which grants defendants a reciprocal right to attorney fees if they are the prevailing party in an action on a contract that provides attorney's fees for the party instituting the suit).

¶ 11 Using the above case law as guidance, we conclude that the trial court did not abuse its discretion when it determined that the Companies were not substantially prevailing parties. The Companies did not clearly prevail in the sense that a judgment was entered in their favor, *see Profit Wize,* 812 A.2d at 1275–76, or that Zavatchen's claim was groundless or frivolous, *see Christiansburg Garment Co.,* 434 U.S. at 422, 98 S.Ct. 694. Since the Companies did not meet the threshold that is necessary to be a "prevailing party," we find that the trial court did not err in determining that the Companies did not meet the higher standard that is required to become a "substantially prevailing party." *See Chatta,* 821 A.2d at 593; *DJ Painting, Inc. v. Baraw Enters., Inc.,* 172 Vt. 239, 776 A.2d 413, 420 (2001) (interpreting language almost identical to section 512(b) of the CSPA and holding that where a subcontractor's claims against a contractor were dismissed on summary judgment, the trial court correctly awarded attorney's fees to the contractor as the *substantially prevailing* party) (emphasis added).

¶ 12 Indeed, in limiting their adversary to less than 1% of the award he sought, the Companies may have substantially prevailed by their own accounts. Nonetheless, the trial court did not abuse its discretion in determining that the Companies did not substantially prevail under section 512(b) of CSPA. Accordingly, the order of the trial court denying the Companies

post-trial motion for attorney fees is affirmed.

¶ 13 Order **AFFIRMED.**