**LBL SKYSYSTEMS (USA), INC.,
Plaintiff/Defendant on
Counterclaim,**

v.

**APG–AMERICA, INC., and Sentry
Select Insurance Company,
Defendants,**

**APG–America, Inc., Plaintiff
on Counterclaim,**

v.

**XL Specialty Insurance Company and
NAC Reinsurance Corporation,
Defendants on Counterclaim.**

**Civil Action No. 02–5379.**

United States District Court,
E.D. Pennsylvania.

May 7, 2007.

· Nicholas Deenis, Stradley Ronon Stevens & Young LLP, Philadelphia, PA, H. Hugh McConnell, James F. Harrington, Stuart H. Sobel, Siegfried Rivera Lerner Delatorre & Sobel PA, Coral Gables, FL, Michael S. Saltzman, Fineman Krekstein & Harris, PC, Philadelphia, PA, for Plaintiff/Defendants on Counterclaim.

Daniel J. Bender, David Hilton Wise, James Aaron Allen, Lewis & Roberts PLLC, Fairfax, VA, Thomas M. Guinan, Howland Hess Guinan & Torpey, Huntingdon Vly, PA, Thomas B. Salzer, Glassboro, NJ, Basil A. Disipio, Lavin Coleman O'Neil Ricci Finarelli & Gray, Philadelphia, PA, Gary Yale Wirth, Jason S. Samuels, Kevin Michael Gary, Michael S. Torre, Robert Mark Wasko, Sean P. Kelley, Torre Lentz Gamell Gary and Rittmaster LLP, Jericho, NY, for Defendants/Plaintiff on Counterclaim.

## MEMORANDUM

JAN E. DUBOIS, District Judge.

### I. INTRODUCTION

This is a breach of contract action arising out of the construction of a new terminal and renovation of the adjacent terminal at the Philadelphia International Airport. In July 2002, plaintiff LBL Skysystems (USA), Inc. ("LBL"), a contractor, sued one of its subcontractors, defendant APG–America, Inc. ("APG") for breach of contract. Also named as a defendant was

APG's surety, Sentry Select Insurance Company ("Sentry"). APG filed several counterclaims against LBL, including a counterclaim for violation of Pennsylvania's Contractor and Subcontractor Payment Act ("CASPA"), 73 P.S. § 501, *et seq*, and impleaded LBL's sureties, XL Specialty Insurance Company ("XL") and NAC Reinsurance Company ("NAC").

Presently before the Court are LBL's Motion for Attorney Fees and Expenses and APG's Memorandum on CASPA dated February 16, 2007 requesting interest, penalty fees, and attorney fees. Both LBL and APG claim such entitlement to fees and other expenses under CASPA. For the reasons that follow, the Court concludes that neither LBL nor APG is entitled to recover attorneys fees or other damages under CASPA.

## II. BACKGROUND

### A. Facts and Procedural History

The facts and procedural history of this case have been described extensively in two prior opinions, *LBL Skysystems (USA), Inc. v. APG–America, Inc.*, 2005 WL 2140240, 2005 U.S. Dist. LEXIS 19065 (E.D.Pa. Aug. 31, 2005) ("Liability Opinion") and *LBL Skysystems (USA), Inc. v. APG–America, Inc.*, 2006 WL 2590497, 2006 U.S. Dist. LEXIS 65142 (E.D.Pa. Sept. 6, 2006) ("Damages Opinion"), and will only be repeated as necessary to resolve LBL's pending motion and APG's request for attorneys fees and other CASPA damages.

LBL filed a Complaint against APG on July 25, 2002, alleging, *inter alia*, that APG breached the subcontract between APG and LBL ("the Subcontract"). On August 29, 2002, LBL filed an Amended Complaint against APG and Sentry, APG's surety on the Subcontract. APG filed its Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Amended Complaint on September 20, 2002, which was later amended (with consent of the parties) on October 8, 2003 to properly implead LBL's sureties XL Specialty Insurance Company and NAC Reinsurance Corporation.

The original dispute between the parties centered on the scope of APG's work under the Subcontract. The parties agreed that APG was required to supply and install insulated metal panels for all areas of the project, but disagreed as to APG's responsibility for supplying and installing certain steel necessary to support the panels. APG first challenged the scope of its work by letter dated April 4, 2002, and began reducing its labor force on the project on or about May 6, 2002. The dispute, and APG's resulting workforce reduction, ultimately led LBL to terminate the subcontract on June 27, 2002 because of APG's refusal to supply and install support steel that LBL determined was within APG's scope of work.

In the Amended Complaint, LBL claimed that because the support steel was within the scope of APG's responsibilities under the Subcontract, APG's refusal constituted a breach of contract. On this ground, LBL sought damages from APG for LBL's cost to complete the work. In response, APG argued that the steel was not within the scope of the Subcontract, and that APG was wrongfully terminated by LBL.

APG raised additional issues in its counterclaims, claiming, *inter alia*, that LBL (1) breached the contract, (2) failed to process APG's Change Order Requests ("CORs"),[1] and (3) wrongfully withheld payments from APG in violation of CASPA. In these three overlapping Counter-

---

1. "[A] change order is a written order to the general contractor authorizing a change in the work to be performed under the contract or an adjustment in the contract sum or contract time. A [change order request or] COR

claims, APG alleges that LBL "failed and refused to make payments to APG for all work performed to date," Def's, APG America, Inc., Amended Answer, Affirmative Defenses and Counterclaims to Pl.'s Amended Compl. ("APG Counterclaims") ¶ 125, including so-called "additional work," or work that was beyond the scope of the Subcontract for which APG submitted CORs. *See id.* ¶¶ 129, 139, 140.

Payments to APG were largely controlled by a Funds Agreement. The Court explained this arrangement in the Liability Opinion as follows:

> LBL initially failed to obtain payment bonds required under the Prime Contract, causing delays in payments to APG. As a result, on October 17, 2000, LBL and APG entered into the Funds Agreement under which a third party, the Funds Administrator received all payments for APG and LBL directly from the Owner [US Airways] and then disbursed those payments to LBL and APG. Under the Funds Agreement, LBL did not receive any funds that U.S. Airways had earmarked for disbursal to APG; those payments were made by the Funds Administrator to APG.

*LBL Skysystems (USA), Inc.,* 2005 WL 2140240, at *15, 2005 U.S. Dist. LEXIS 19065, at *44. However, "as a direct result of APG's actions" challenging the scope of the Subcontract, the Funds Administrator ceased disbursing funds to LBL and LBL began funding its own work, and APG's work, on March 15, 2002. LBL Ex. 278.

**B. Liability Opinion: August 31, 2005 Memorandum, Findings of Fact and Conclusions of Law**

Following a bench trial, on August 31, 2005, the Court issued a Memorandum, Findings of Fact and Conclusions of Law, the Liability Opinion. In that Opinion, the Court concluded that APG materially breached the Subcontract with LBL. Specifically, the Court found that:

> The support steel at issue was within APG's scope of work under the Subcontract. APG's failure to furnish and install the disputed support steel was a breach of the Subcontract. The provision of the Prime Contract that required the Contractor, LBL, to continue to work in the event of a dispute with the Owner, U.S. Airways, was incorporated into the Subcontract. APG was required to continue work on the Philadelphia Airport Project notwithstanding its disputes with LBL. LBL's termination of APG complied with the termination provisions of the Subcontract.

*LBL Skysytems (U.S.A.), Inc.,* 2005 WL 2140240, at *23, 2005 U.S. Dist. LEXIS 19065, at *65–66.

APG's claim to payments allegedly owed by LBL was also addressed by the Court. The Court concluded that the Funds Agreement was a "pay-if-paid" contract that shielded LBL from liability to APG unless LBL was paid, and therefore LBL was only liable to APG "to the extent that it failed to pass any of APG's CORs on to the Owner and the CORs are determined to be meritorious" and "to the extent that LBL received funds from the Owner for work performed by APG." *Id.* at 2005 WL 2140240, *33, 2005 U.S. Dist. LEXIS 19065, *95–96.

With respect to APG's CASPA claim the Court ruled that "LBL cannot be liable to APG under CASPA for work performed by APG while the Funds Agreement was in place." *Id.* at 2005 WL 2140240, *34, 2005 U.S. Dist. LEXIS 19065, *99–100. The

---

is a document requesting a change order and describing the circumstances requiring the change order, including the costs associated with the change." *Allied Fire & Safety Equipment Co., Inc. v. Dick Enters., Inc.,* 972 F.Supp. 922, 927 n. 5 (E.D.Pa.1997).

Court further ruled that payments received by LBL "from U.S. Airways that were attributable to claims made by APG and passed through to U.S. Airways after APG's termination" were rightfully withheld by LBL under § 511 of CASPA. *Id.* at 2005 WL 2140240, *35, 2005 U.S. Dist. LEXIS 19065, *100–01.

The Court reserved ruling on damages in the Liability Opinion, noting that "LBL may recover its cost of completing APG's work under the Subcontract, but this recovery may be reduced by any funds that LBL received for work performed by APG, both before and after termination, and by any APG CORs or payment applications determined to be meritorious that LBL failed to pass on to U.S. Airways." *Id.* at 2005 WL 2140240, *36, 2005 U.S. Dist. LEXIS 19065, *105.

### C. Damages Opinion: September 6, 2006 Memorandum and Opinion

On the same date that the Court issued the Liability Opinion, August 31, 2005, the Court issued an Order directing the parties to endeavor to reach an agreement on all damages issues and to jointly report to the Court on those discussions. Following extensive joint and individual submissions of memoranda on damage-related issues from the parties in which some agreements were reported, the Court issued a Memorandum and Opinion on all remaining damages issues on September 6, 2006.

The Court took the following approach to calculating the parties' damages:

[I]n order to calculate damages, the Court must determine the final dollar amount of the Subcontract, which will include all approved CORs, including CORs included in Global Settlement 98,[2]

and any meritorious CORs which LBL failed to pass on to U.S. Airways. The amount paid to APG prior to termination will be subtracted from the final Subcontract sum to determine the unpaid balance owed on the Subcontract. The Court will then compare the unpaid balance to LBL's cost to complete. If LBL's cost to complete is greater than the unpaid balance of the Subcontract, APG will be liable to LBL for that sum. If LBL's cost to complete is less than the unpaid balance of the Subcontract, LBL will be liable to APG for that sum.

*LBL Skysystems, Inc.*, 2006 WL 2590497, at *4, 2006 U.S. Dist. LEXIS 65142, at *14–15.

Applying this methodology, the Court concluded that the balance of the Subcontract was $4,195,875 and that LBL's total cost to complete was $5,762,256. Accordingly, as LBL's cost to complete was greater than the unpaid balance of the Subcontract, the Court found APG liable to LBL for the difference between those sums, $1,566,381. The Court entered judgment in favor of LBL and against APG and Sentry in the total amount of $1,566,381, plus interest from the time when plaintiff informed defendants of its final damages calculation.

### D. LBL's Motion for Attorneys Fees Under CASPA

Following the entry of judgment in its favor, on September 20, 2006, LBL filed a Motion for Attorney Fees and Expenses under CASPA. In that Motion, LBL seeks an award of $2,160,046 in attorney fees and an additional $824,870.49 in nontaxable expenses, on the ground that LBL was the "substantially prevailing party" on

---

**2.** "On December 23, 2002, after APG was terminated, LBL and the Owner agreed to Change Order 98, known as the 'Global Settlement.' LBL Ex. 83. Under the Global Settlement, LBL received $3,300,000 to settle all of the outstanding CORs and CRs submitted by LBL and APG." *LBL Skysystems, Inc.*, 2006 WL 2590497, at *2, 2006 U.S. Dist. LEXIS 65142, at *9.

APG's CASPA counterclaim. LBL Motion at 5.

On February 2, 2007 in a telephone conference with counsel, the Court requested letter briefs from the parties, APG, Sentry, and LBL, to address whether APG prevailed on any portion of its CASPA counterclaim, to assist the Court in determining whether LBL was the substantially prevailing party on that counterclaim and therefore entitled to attorney fees. APG and Sentry submitted their letter briefing on February 16, 2007, and LBL submitted two letter briefs on March 2, 2007—one in response to Sentry and one in response to APG. In its February 16, 2007 Memorandum on CASPA, APG, for the first time, argued that "APG was the prevailing party under CASPA and, in fact, was the substantially prevailing party and should receive 1% interest, 1% penalty per month" on the amount claimed in APG's CASPA counterclaim, and attorney fees and expenses. APG Memorandum on CASPA, at 2.

For the reasons that follow, the Court concludes that neither APG nor LBL "substantially prevailed" on APG's CASPA counterclaim within the meaning of the statute. Thus, neither APG nor LBL is entitled to attorneys fees, expenses, or other damages under CASPA.

## III. DISCUSSION

### A. Legal Standard: CASPA

"The underlying purpose of [CASPA] is to protect contractors and subcontractors. The Act provides payment deadlines and penalties to encourage fair dealing among parties to a construction contract." *Ruthrauff, Inc. v. Ravin, Inc.*, 914 A.2d 880, 890 (Pa.Super.Ct.2006). Specifically, CASPA provides that "performance by a subcontractor in accordance with the provisions of the contract shall entitle the subcontractor to payment from the party with whom the subcontractor has contracted." 73 P.S. § 507(a). Such payments must be paid 14 days after "receipt of each progress or final payment or 14 days after receipt of subcontractor's invoice, whichever is later." *Id.* § 507(c). If such payments are not timely made, the subcontractor is also entitled to interest, *see id.* § 507(d), and a penalty fee, *see id.* § 512(a).

Additionally, "[n]otwithstanding any agreement to the contrary, the substantially prevailing party in any proceeding to recover any payment under this act shall be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator, together with expenses." *Id.* § 512(b). "While the mandatory language of section 512(b) requires an award of attorney's fees to a substantially prevailing party, the issue of whether any party to a lawsuit substantially prevailed is left to the trial court's discretion." *Zavatchen v. RHF Holdings, Inc.*, 907 A.2d 607, 610 (Pa.Super.Ct.2006); *cf. Bridges PBT v. Chatta*, 821 A.2d 590, 593 (Super.Ct.Pa.2003) ("[A] proper reading of section 512 reveals that an award of attorney fees and expenses is not, as Bridges argues, mandatory in every case."). Moreover, in *Zavatchen*, the Pennsylvania Superior Court held that "the language of section 512(b) encompasses both plaintiffs and defendants, by designating the word 'party' instead of 'plaintiff' or 'claimant,'" and that, accordingly, "a defendant, if determined to be a substantially prevailing party, can receive attorney fees under section 512(b) ...." 907 A.2d at 610.

### B. Estoppel

As a threshold matter, both **APG and Sentry** argue that LBL should be estopped from claiming attorney fees under CASPA at this point in the litigation because the issue "was not raised during trial or in any other pleadings prior to the filing of the pending motion." APG Resp. at 3; *see also* Sentry Sur–Reply at 3 ("[I]f any

judicial estoppel applies to this case at all, the doctrine should preclude LBL from seeking the attorney fees and expenses it is now claiming").

Specifically, APG argues that LBL "abandoned" its claim for attorneys fees under CASPA because LBL did not include a claim for attorneys fees in its Requested Findings of Fact and Conclusions of Law filed on April 5, 2005 (Document No. 215).[3] Sentry focuses on LBL's failure to include a claim for attorneys fees under CASPA in the Joint Memorandum filed on April 19, 2006.[4] Notably neither Sentry nor APG cite any relevant case law in support of their estoppel arguments.

■ The Court rejects the estoppel argument made by APG and Sentry. The short answer to that argument is that (1) LBL asserted a claim for attorneys fees in its Answer to the CASPA Counterclaim and (2) the parties were informed by the Court that the issue of attorneys fees was to be addressed following the resolution of the liability and damages issues. *See, e.g.,* N.T. 11/23/2004, at 153–55 ("I don't remember so ruling, but any attorneys' fees issues are going to be bifurcated."). Having raised the issue in its Answer to the Counterclaim, LBL's failure to raise enti-

tlement to attorneys fees after the Liability Opinion was issued did not constitute a waiver of that entitlement. Moreover, the doctrine of judicial estoppel relied upon by APG and Sentry is simply inapposite.[5]

LBL has complied with Federal Rule of Civil Procedure 54(d), which governs claims for attorneys fees, by timely filing its Motion for Attorney Fees and Expenses within fourteen days of the entry of judgment. LBL's Motion for Attorneys Fees and Expenses is properly before the Court and ripe for disposition at this time.

### C. LBL's Motion for Attorney Fees and Expenses

■ In its Motion for Attorney Fees and Expenses, LBL argues that "LBL is the 'substantially prevailing party' in a CASPA proceeding, as contemplated by 73 P.S. § 512(b), and is entitled to recover 'a reasonable attorney fee in an amount to be determined by the court . . . together with expenses.'" LBL Mot. at 3. In support of this argument, LBL states that, in the Liability Opinion, the Court held "that LBL was not liable for any amount under CASPA," and concludes on this basis that LBL was the substantially prevailing party on that claim. *Id.* at 7. The Court disagrees.

---

**3.** Following the bench trial, the Court ordered the parties to submit requested findings of facts and conclusions of law to the Court along with supplemental trial memoranda. In LBL's Requested Findings, LBL did not assert entitlement to attorneys fees under CASPA.

**4.** By Order dated March 17, 2006, following a telephone conference, the Court directed the parties to file and serve a joint memorandum that, *inter alia* "identifies all of the issues set forth in Sentry Select Insurance Company's Report Regarding Damages–Related Issues (Document No. 219) which were not addressed in the telephone conference of March 16, 2006." Sentry Resp. at 3. Sentry's Report addressed LBL's entitlement to attorney fees under the Subcontract, but that entitlement

was not addressed in the April 19, 2006 Joint Memorandum.

**5.** The doctrine of judicial estoppel is limited to specific circumstances, as follows: "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him . . . This rule, known as judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *A.P. Boyd, Inc. v. Newark Pub. Sch.,* 44 Fed.Appx. 569, 571–71 (3d Cir.2002).

In APG's CASPA counterclaim, APG alleged that

LBL's refusal to pay APG the outstanding balance due for work performed for the labor and materials provided on the Project totaling $886,312, as well as the failure and refusal of LBL to pay APG for work performed pursuant to change orders, change order requests and extras, violates the terms of this Act [CASPA], entitling APG to recover interest, penalties, and attorneys fees.

Def's, APG America, Inc., Amended Answer, Affirmative Defenses and Counterclaims to Pl.'s Amended Compl. ¶ 140.

In the Liability Opinion, the Court ruled that LBL could not be liable to APG under CASPA for work performed by APG while the Funds Agreement was in place. *LBL Skysystems (U.S.A.), Inc.*, 2005 WL 2140240, at *34–35, 2005 U.S. Dist LEXIS 19065, at *99–100. In so holding, the Court relied on the fact that, while in place, the Funds Agreement provided that the Funds Administrator, not LBL, was responsible for making payments to APG. **With respect to LBL's** liability under CASPA for payments received by LBL after APG's termination and after the Funds Agreement was no longer in effect, the Court held that "LBL had a right to withhold such payments under the facts of this case." *Id.* at 2005 WL 2140240, at *34–35, 2005 U.S. Dist LEXIS 19065, at *100–101. However, the Court ultimately concluded that LBL was liable to APG for a significant proportion of the "outstanding balance due for work performed for the labor and materials provided on the Project," and "for work performed pursuant to change orders, change order requests and extras"—the payments that formed the basis of APG's CASPA counterclaim.

In a similar case, Judge William H. Yohn, Jr. concluded that such recovery by the CASPA plaintiff foreclosed a finding that the CASPA defendant had "substantially prevailed." *Quinn Constr. Inc. v. RC Dolner LLC*, CA. No. 03–883 (E.D.Pa. Feb. 3, 2005), Slip Op. at 10–11, *aff'd* 187 Fed.Appx. 129 (3d Cir.2006). Specifically, Judge Yohn stated:

Nor is Dolner a substantially prevailing party in the case. Although the court determined that Dolner acted within the [CASPA's] good faith exception when it withheld payment for alleged deficiency items in Quinn's October 31, 2002 payment application, Dolner was nevertheless found liable on Quinn's breach of contract claim for a significant proportion of the billed value of the disputed items and patently did not substantially prevail.

*Id.* In this case, as in *Quinn Construction*, the Court concludes that, although LBL was justified in withholding funds from APG, LBL was liable to APG's "for a significant proportion of the billed value of the disputed items," and therefore "patently did not substantially prevail."

LBL argues, however, that this conclusion "is premised upon the theory that credits APG received against LBL's cost-to-complete damages constituted a positive recovery, rather than the unquestionable loss set forth in the [Damages Opinion]." **LBL's Letter Resp. to APG at 3;** *see also* LBL's Letter Resp. to Sentry at 4 ("Contrary to Sentry's assertion, there was no 'award' to APG; rather the amounts were set off against amounts owed by APG to LBL in reducing the amount of the judgment. APG did not recover and was never owed these sums."). LBL's argument misconstrues the Court's Damages Opinion.

In calculating damages, the Court first determined the unpaid balance owed to APG by subtracting the amount paid to APG prior to termination from the final dollar amount of the Subcontract (which included "all approved CORs" and "meritorious CORs which LBL failed to pass on to

U.S. Airways"). *LBL Skysystems, Inc.*, 2006 WL 2590497, at \*3, 2006 U.S. Dist. LEXIS 65142, at \*14–15. This yielded a sum of $4,195,875. *Id.* at 2005 WL 2140240, 2005 U.S. Dist. LEXIS 19065, \*101. The Court compared this sum with LBL's total cost to complete, $5,762,256.[6] *Id.* Thus, LBL's positive award resulted because, in the final analysis, the cost to complete exceeded the unpaid balance, not because LBL "prevailed" and APG did not. In fact, as in *Quinn Construction,* LBL was found liable for a "significant proportion" of the disputed items.

In sum, the Court concludes that LBL did not substantially prevail on the CASPA claim because LBL was found liable to APG for a significant proportion of the funds alleged to be owed. Accordingly, LBL's Motion for Attorneys Fees and Expenses is denied. Because the Court concludes that LBL is not entitled to attorneys fees and expenses, the Court need not reach the additional arguments raised by defendants.[7]

### D. APG's Memorandum on CASPA Requesting Interest, Penalty Fees, Attorney Fees, and Expenses

In a Memorandum on CASPA dated February 16, 2007, in response to the Court's request for supplemental briefing on the applicability of CASPA, APG for the first time made a claim for attorney fees under CASPA, arguing that APG received an award on its CASPA counterclaim. Based on this alleged recovery, APG argues that "APG was the prevailing party under CASPA and, in fact, was the substantially prevailing party and should receive 1% interest, 1% penalty per month" on the CASPA recovery, "and attorney fees for Count III of its Counterclaim." APG Memorandum on CASPA at 3. APG's argument is based on the Court's award to APG in the Damages Opinion of $4,195,875. Although the Court concluded that this award negates a finding that LBL was a "substantially prevailing party" on the CASPA claim, the Court further concludes that this award does not support a finding that APG was a substantially prevailing party. The Court addresses APG's claim for interest and penalty fee, and APG's claim for attorney fees in turn.

First, **with respect to** APG's claim for interest under § 507(d) and penalty under § 512(a), the Court determines that the finding in the Court's Liability Opinion that LBL had not wrongfully withheld funds, forecloses APG's claim.[8] "Because payment was withheld in good faith, it was

6. This figure was calculated by LBL and submitted as LBL Exhibit 201–A. The Court concluded that LBL "adequately proved its cost to complete APG's work," and applied this figure in its final damage calculation. *LBL Skysystems, Inc.,* 2006 WL 2590497, at \*21, 2006 U.S. Dist. LEXIS 65142, at \*80.

7. Specifically, the Court does not reach Sentry's argument that Sentry is not a proper party to LBL's Motion because (1) the CASPA counterclaim was advanced by APG, not Sentry, and (2) as a surety, Sentry cannot be liable under CASPA for any damages owed to LBL.

8. APG concedes that "the Court determined after the fact that LBL had a right to withhold

payments," but argues that "this good faith reason did not occur until after termination and LBL knew that it had to complete the job. LBL had no good faith reason to withhold the balance of the contract and Change Orders that were due prior to termination." APG Letter at 3. The Court will not, and in fact, cannot revisit its determination that LBL had not wrongfully withheld funds based on this assertion alone. *See Beshli v. Dep't of Homeland Sec.,* 272 F.Supp.2d 514, (E.D.Pa.2003) (holding that under the doctrine of the law of the case "a court is generally precluded from reconsidering an issue that has already been decided by the same court …").

not wrongfully withheld under § 512(a), and was thus not subject to the interest and penalty provisions of [CASPA]." *Quinn Construction, Inc. v. RC Dolner LLC,* 187 Fed.Appx. 129, 131 (3d Cir.2006).

Second, with respect to plaintiff's claim for attorneys fees, the Court concludes that APG was not a substantially prevailing party, and accordingly is not entitled to attorneys fees under § 512(b). In *Quinn Construction,* Judge Yohn held that although the plaintiff in that CASPA action, Quinn Construction, "succeeded in recovering a significant proportion of the damages it claimed in its breach of contract action, Quinn did not prove that Dolner 'failed to comply with the payment terms of [CASPA],' 73 P.S. § 512, by wrongfully withholding payment for satisfactory performance under the subcontract," and therefore Quinn was not a "substantially prevailing party." *Quinn Constr. Inc. v. RC Dolner LLC,* CA. No. 03–883, Slip Op. at 10. In this case, as in *Quinn Construction,* although APG recovered "a significant proportion of the damages" it sought in its CASPA claim, because the Court concluded that LBL did not wrongfully withhold payments, APG was not the substantially prevailing party on the CASPA claim and it is not entitled to attorneys fees.

## IV. CONCLUSION

The Court agrees with defendant Sentry's assessment of the CASPA claim: "In the final analysis, there was no 'substantially prevailing party'. Nobody won. Everybody lost. Accordingly, no one is entitled to attorney fees under CASPA." Sentry Resp. at 3. For the foregoing reasons, LBL's Motion for Attorney Fees and Expenses is denied, and APG's request for attorney fees and expenses under CASPA included in the Memorandum on CASPA of February 16, 2007 is denied.

An appropriate Order follows.

## ORDER

**AND NOW,** this 7th day of May, 2007, upon consideration of LBL's Motion for Attorney Fees and Expenses (Document No. 239, filed September 20, 2006); APG–America Inc.'s Opposition to LBL's Motion for Attorney Fees and Expenses (Document No. 245, filed October 10, 2006); LBL's Reply to APG's Opposition to Motion for Attorney Fees and Expenses (Document No. 246, filed October 18, 2006); Memorandum of Law by Sentry Select Insurance Company in Opposition to LBL's Motion for Attorney Fees and Expenses (Document No. 250, filed October 24, 2006); LBL's Reply to Sentry's Opposition to Motion for Attorney Fees and Expenses (Document No. 252, filed November 1, 2006); Sur–Reply Memorandum by Sentry Select Insurance Company in Further Opposition to LBL's Motion for Attorney Fees and Expenses (Document No. 253, filed November 3, 2006); Letter Brief of defendant Sentry Select Insurance Company (Document No. 267, filed February 16, 2007); APG's Memorandum on CASPA February 16, 2007 (Document No. 269, filed February 23, 2007); Letter Brief from plaintiff LBL Skysystems (USA), Inc. in Response to Sentry Select's February 16, 2007 Letter Brief (Document No. 273, filed March 6, 2007); and Letter Brief from plaintiff LBL Skysystems (USA), Inc. in Response to APG–America's Memorandum on CASPA (Document No. 274, filed March 6, 2007), for the reasons set forth in the attached Memorandum, **IT IS ORDERED**

1. LBL's Motion for Attorney Fees and Expenses under Pennsylvania's Contractor and Subcontractor Payment Act, 73 P.S. § 501, *et seq* (Document No. 239) is **DENIED,** and

2. APG's request for attorney fees and expenses under Pennsylvania's Contractor and Subcontractor Payment

Act, 73 P.S. § 501, *et seq,* included in the Memorandum on CASPA of February 16, 2007 (Document No. 269) is **DENIED.**