**F.J. BUSSE COMPANY, INC., Appellee,**

v.

**SHEILA ZIPPORAH, L.P., Appellant.**

Superior Court of Pennsylvania.

Argued March 1, 2005.

Filed July 13, 2005.

Kenneth D. Perkins, Sewickley, for appellant.

Donald M. Jameson, III, Pittsburgh, for appellee.

Before: FORD ELLIOTT, MUSMANNO and LALLY–GREEN, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Sheila Zipporah, L.P., ("Zipporah") appeals from the Order granting the Petition to modify an arbitration award filed by F.J. Busse Company, Inc. ("Busse") and remanding the matter to the original arbitration panel.[1] Upon review, we reverse and reinstate the award of the arbitrators.

¶ 2 The relevant facts are as follows. In July of 2000, Zipporah and Busse entered into a contract for Busse to perform work as a general contractor on a construction project. The contract contained a specific provision requiring the parties to resolve claims through binding private arbitration.

Zipporah withheld final payment after Busse completed its work. Busse informed Zipporah of its intent to arbitrate; however, Zipporah initially refused to cooperate. Eventually, an arbitration hearing was held on July 23, 2003. Busse sought to recover approximately $83,000.00, which included the principal remaining due on the contract, contractual interest of 0.5% per month, plus statutory penalties of 1% per month under the Pennsylvania Contractor Payment Act.[2] On September 11, 2003, the arbitrators issued an award in favor of Busse for $75,000.00. The award included the remaining principal due on the contract, reduced for certain repairs and punch list items, plus contractual interest of .5% per month and statutory penalties of 1% per month. The arbitrators specifically stated that "[w]hile [they] did not condone the amount of money withheld by [Zipporah], they did not find that [Zipporah's] action rose to the level that would warrant the imposition of counsel fees and expenses." Arbitration Award, ¶ 4.

¶ 3 Busse filed with the Court of Common Pleas a Petition to modify the amount of the award to include an award of counsel fees and costs in the amount of $32,437.80. Busse contended that fees and expenses were mandatory under the Contractor Payment Act[3] because Busse was the substantially prevailing party in the action. The trial court concluded that the award of counsel fees and expenses was mandatory and entered the Order in question, which directed the arbitrators to determine the amount of counsel fees to be awarded. The trial court then stayed all proceedings pending this appeal. This timely appeal followed, in which Zipporah argues that the arbitrators' failure to

---

1. The trial court certified this matter for immediate appeal under 42 Pa.C.S.A. § 702(b).

2. 73 P.S. § 512(a).

3. 73 P.S. § 512(b).

award counsel fees did not constitute an irregularity under Pennsylvania law, requiring the vacating or modification of an arbitration award. *See* Brief for Appellant at 10, 12.

¶ 4 Zipporah contends that the arbitrators' failure to award counsel fees and expenses was merely an error of law by the arbitrators and thus was not a subject for consideration by the courts. Zipporah claims that the arbitrators' error does not form a basis for modifying the common law arbitration award and that the trial court's reliance on *Bridges PBT v. Chatta,* 821 A.2d 590 (Pa.Super.2003), is misplaced. We agree.

¶ 5 The review of a common law arbitration award is narrowly circumscribed. This is because

the law favors non-judicial dispute resolution that the parties have agreed to. Alternate dispute resolution is economical in terms of time, expenditure of judicial resources and transactional costs. Limited judicial review also imposes finality in a contested matter. To permit anything but limited judicial review defeats the purpose of . . . arbitration.

*Boulevard Associates v. Seltzer Partnership,* 445 Pa.Super. 10, 664 A.2d 983, 987 (1995) (citation omitted).

The award of an arbitrator in a nonjudicial arbitration . . . is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

*Gargano v. Terminix International Co.,* 784 A.2d 188, 193 (Pa.Super.2001) (citations omitted); *see also* 42 Pa.C.S.A. § 7341. The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. *Gargano,* 784 A.2d at 193; *see also Richmond v. Prudential Property & Casualty Insurance,* 856 A.2d 1260, 1264 (Pa.Super.2004) (reiterating that a common law arbitration award is not reviewable for an error of law). Thus, neither we nor the trial court may retry the issues addressed in an arbitration proceeding or review the tribunal's disposition of the merits of the case. *McKenna v. Sosso,* 745 A.2d 1, 4 (Pa.Super.1999). Moreover, "it is always open to contracting parties to provide for statutory, rather than common law, arbitration where the grounds for review are much broader than is the case instantly." *Fioravanti,* 299 A.2d at 589 n. 6.

¶ 6 Furthermore, an appellant "bears the burden to establish both the underlying irregularity and the resulting inequity by 'clear, precise and indubitable evidence.'" *Gargano,* 784 A.2d at 193 (citations omitted). "In this context, irregularity refers to the process employed in reaching the result of the arbitration, not the result itself." *Id.* A cognizable irregularity may appear in the conduct of either the arbitrators or the parties. *McKenna,* 745 A.2d at 4. Our Supreme Court has stated that the phrase "other irregularity" in the process employed imports "such bad faith, ignorance of the law and indifference to the justice of the result" as would cause a court to vacate an arbitration award. *Allstate Insurance Company v. Fioravanti,* 451 Pa. 108, 299 A.2d 585, 589 (1973).[4]

---

4. As we mentioned in *Chervenak, Keane & Co., Inc. v. Hotel Rittenhouse Assoc., Inc.,* 328 Pa.Super. 357, 477 A.2d 482 (1984):

In most cases where an irregularity is alleged, our appellate courts have denied re-

lief. *See, e.g., Runewicz* [*v. Keystone Ins. Co.,* 476 Pa. 456, 383 A.2d 189 (1978)] ( [holding that where] appellant alleged arbitrator's award contradicted insurance policy language, no irregularity even though

■ ¶ 7 Here, Busse argues, and the trial court concluded, that the failure of the arbitrators to award counsel fees pursuant to the Contractor Payment Act amounted to a procedural irregularity by the arbitrators.[5] However, this claim is actually a contention that the arbitrators made an error of law by ignoring the relevant provision of the Contractor Payment Act. As set forth above, a common law arbitration award is not reviewable for an error of law. *See Gargano,* 784 A.2d at 193; *Richmond,* 856 A.2d at 1264. Therefore, regardless of whether the arbitrators committed an error of law, the arbitrator's award cannot be vacated on this basis.

¶ 8 In reaching a contrary conclusion, the trial court relied upon this Court's decision in *Bridges,* 821 A.2d at 590, for the principle that courts must consider the merits of the arbitration award to determine whether the failure to award attorney fees was merely a permissible error of law or an impermissible irregularity. We conclude that *Bridges* does not stand for that principle.

¶ 9 In *Bridges,* a contractor sought review of an order of the Court of Common Pleas, which confirmed an arbitration award in favor of the contractor, but which refused to modify the award to include counsel fees under the Contractor Payment Act. On appeal, this Court addressed the issue of whether provisions of the Contractor Payment Act, which allow for an award of counsel fees, supersede the provisions of the Common Law Arbitration Act, which are silent on the award of counsel fees. The panel in *Bridges* held that the provisions of the Contractor Payment Act do not supersede the provisions of the Common Law Arbitration Act. *Bridges,* 821 A.2d at 593. The panel affirmed the trial court's refusal to modify the arbitration award to include counsel fees.

¶ 10 In *Bridges,* the panel concluded that there was "nothing irregular in the process employed by the arbitrator" in reaching his decision. *Id.* at 593–94. Thus, the *Bridges* panel determined that the trial court did not abuse its discretion or commit an error of law in refusing to modify the arbitrator's decision. Here, although Busse claims that there was an irregularity in the process employed by the arbitrators, his allegations in fact assert that the arbitrators made an error of law by not awarding attorney's fees under the Contractor Payment Act. As we previously indicated, an error of law by the arbitrators is not a basis upon which a trial court, which is reviewing an arbitration decision, may modify that decision. Thus, unlike the panel in Bridges, we conclude that the trial court in the present case abused its discretion in ordering modification of the arbitrator's decision. Accordingly, we must reverse the Order on

award patently at odds with contract); *Hain v. Keystone Insurance Co.,* 230 Pa.Super. 456, 326 A.2d 526, 527 (1974) ( [stating that] "[w]hile damages granted in this case may have been at variance with the language of [the insurance policy], we do not believe that the award meets the *Fioravanti* criteria for vacating an arbitration decision."). *Compare Paugh* [*v. Nationwide Ins., Co.,* 278 Pa.Super. 108, 420 A.2d 452 (1980) ] ( [holding that] irregularity found when plaintiffs kept pertinent testimony from arbitrators, therefore precluding arbi-

trators from fashioning award limiting plaintiffs' possible double recovery). *Chervenak,* 477 A.2d at 485.

5. The pertinent section of the Contractor Payment Act provides as follows:
   Notwithstanding any agreement to the contrary, the substantially prevailing party in any proceeding to recover any payment under this act shall be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator, together with expenses.
   73 P.S. § 512(b).

appeal and reinstate the award of the arbitrators.

¶ 11 Order reversed; arbitration award reinstated; jurisdiction relinquished.

¶ 12 FORD ELLIOTT, J., files a concurring statement.

FORD ELLIOTT, J., Concurring.

¶ 1 I join in the Opinion of the majority. However, I do not believe that the trial court can be faulted in its application of *Bridges v. Chatta*, 821 A.2d 590 (Pa.Super.2003), as I find that court's discussion of the common law arbitration standard of review to be ambiguous. I believe our decision today clarifies the *Bridges* analysis.