J-S46043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| ANTHONY DIAZ, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BRUCE J. KILBY AND GAIL M. KILBY, | : | |
| | : | |
| Appellees | : | No. 2077 EDA 2015 |

Appeal from the Judgment Entered June 10, 2015
in the Court of Common Pleas of Monroe County
Civil Division at No(s): 10195 Civil 2014

BEFORE:    BENDER, P.J.E., OTT, J., and STRASSBURGER,* J.

MEMORANDUM BY STRASSBURGER, J.:    **FILED AUGUST 04, 2016**

Anthony Diaz appeals from the $219,936 judgment entered against him and in favor of Bruce J. and Gail M. Kilby (the Kilbys, collectively) following the trial court's grant of the Kilbys' petition to confirm arbitration award.  We affirm.

The trial court summarized the background of this case as follows.

> Diaz is a financial advisor who maintains a business located in Monroe County, Pennsylvania.  [The Kilbys] are clients of Diaz who purchased several investments on the recommendation of Diaz.  [The Kilbys] met Diaz at a free dinner presentation in Mount Pocono, Monroe County, Pennsylvania in the fall of 2006.  [The Kilbys] signed account opening documents in 2006, which [the Kilbys] claim Diaz changed the date to January 2006, many months before the parties met.  [The Kilbys] also claim that they signed documents which were blank or partially completed and that Diaz made several misrepresentations to them.  [The Kilbys] claimed that Diaz made unauthorized investments, failing to disclose substantial risks and inflating [the Kilbys'] net worth to demonstrate that [the Kilbys] were qualified [] for the risk.  Additionally, [the

_____

*Retired Senior Judge assigned to the Superior Court.

Kilbys] claim that Diaz performed other fraudulent activities and Diaz made material misrepresentation[s] to their detriment. At some point, [the Kilbys] learned of some of Diaz's improper actions and in 2010, they became dissatisfied with the investments and services of Diaz. On January 30, 2013, a Statement of Claim was filed with FINRA [(Financial Industry Regulatory Authority)] by [the Kilbys] alleging out-of-pocket losses of approximately $311,082.46, exclusive of the costs of the action. [The Kilbys] asserted causes of action for negligence, gross negligence, misrepresentations, omissions, negligent supervision, and breach of fiduciary duty as well as other claims against Diaz. [The Kilbys] also filed claims against First Allied Securities, Inc. and SII Investments, Inc.[1] After 13 hearing sessions before a FINRA Panel, an Award was made in favor of [the Kilbys] and against Diaz. The Award included $99,936.80 in compensatory damages; $90,000 in punitive damages; $30,000 in attorney's fees, as well as the assessment of hearing fees of $16,800 against Diaz.

_____
[1] At the time of the arbitration, [the Kilbys] indicated that they reached settlement with First Allied Securities, Inc. and SII Investments, Inc.

Trial Court Opinion (TCO), 6/4/2015, at 2-3.

Diaz filed a petition to vacate the award, and the Kilbys responded with a petition to confirm it. Following briefing and oral arguments, the trial court granted the Kilbys' petition and denied Diaz's. Judgment was subsequently entered upon the Kilbys' praecipe, and Diaz timely filed a notice of appeal.

Diaz offers eight claims of trial court error in denying his petition to vacate the arbitration award: (1) averring generally that the arbitration panel denied him a hearing and caused "an unjust, inequitable or unconscionable award," and specifically that the panel (2) failed to apply the

statute of limitations, (3) failed to give Diaz credit for the settlement amounts the Kilbys received from other defendants, (4) did not consider the statement of the Kilbys' counsel that he would deduct settlement amounts from the panel's award, (5) awarded damages without the Kilbys' establishing any losses, (6) "engaged in misconduct" by allowing certain witnesses to testify, (7) awarded punitive damages without evidentiary support, and (8) awarded counsel fees contrary to the FINRA guidelines. Diaz's Brief at 3-5.

The trial court and parties agree that this case involves common law, not statutory, arbitration. Thus, the following principles apply. "A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law." **Toll Naval Associates v. Chun-Fang Hsu**, 85 A.3d 521, 525 (Pa. Super. 2014) (citation and quotation marks omitted).

"The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either." **Id.** Rather, "mistakes of judgment and mistakes of either fact or law are among the contingencies parties assume when they submit disputes to arbitrators." **Allstate Ins. Co. v. Fioravanti**, 299 A.2d 585, 589 (Pa. 1973). Therefore, "[t]he award of an arbitrator … is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an

unjust, inequitable or unconscionable award." *Toll Naval Associates*, 85 A.3d at 525. "In this context, irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself." *McKenna v. Sosso*, 745 A.2d 1, 4 (Pa. Super. 1999) (internal quotation marks and citation omitted). "[A]n irregularity will not be found simply upon a showing that an incorrect result was reached." *Duquesne Light Co. v. New Warwick Min. Co.*, 660 A.2d 1341, 1347 (Pa. Super. 1995).

For example, this Court has found irregularities rising to the level of the denial of a fair hearing where the arbitrators: exceeded the scope of the arbitration agreement, *Ginther v. U.S. Fid. & Guar. Co.*, 632 A.2d 333, 335 (Pa. Super. 1993); made an award for claims that were never raised, *Mellon v. Travelers Ins. Co.*, 406 A.2d 759, 762 (1979), or for claims that were not raised against the party against whom they were awarded, *Alaia v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 928 A.2d 273, 277 (Pa. Super. 2007); and had an undisclosed, ongoing business relationship with one of the parties, *James D. Morrisey, Inc. v. Gross Const. Co.*, 443 A.2d 344, 349 (Pa. Super. 1982).

However, this Court has held that no irregularity warranting modification occurred where the allegations were that the arbitrators: applied the wrong state's law, *Racicot v. Erie Ins. Exch.*, 837 A.2d 496, 500 (Pa. Super. 2003); failed to award fees as provided by a relevant statute, *F.J. Busse Co. v. Sheila Zipporah, L.P.*, 879 A.2d 809, 812 (Pa.

Super. 2005); made an award contrary to a policy exclusion, ***Hain v. Keystone Ins. Co.***, 326 A.2d 526, 528 (Pa. Super. 1974); and made an incorrect determination whether a person was an insured under a contract. ***Prudential Prop. & Cas. Ins. Co. v. Stein***, 683 A.2d 683, 684 (Pa. Super. 1996).

In sum, "only claims which assert some impropriety in the arbitration process may be the subject to an appeal—to the exclusion of appeals which seek review of the merits." ***Snyder v. Cress***, 791 A.2d 1198, 1201 (Pa. Super. 2002). "[N]either we nor the trial court may retry the issues addressed in an arbitration proceeding or review the tribunal's disposition of the merits of the case." ***F.J. Busse Co.***, 879 A.2d at 811.

In the instant case, it is clear to this Court that Diaz faults not the arbitration process, but the results reached by the arbitrators.[1] We address each of his issues seriatim to explain why no relief is due.

With his first specific claim of error, Diaz asserts that the arbitrators erred by failing to hold that the Kilbys' claims are barred by the statute of limitations. Diaz's Brief at 12. The trial court offered the following analysis of Diaz's contention:

---

[1] In making his arguments, Diaz relies most heavily on decisions of federal district and circuit courts, and goes so far as to claim that the trial court erred in "ignoring" a memorandum decision of a federal district court. Diaz's Brief at 27. We remind Diaz that neither the trial court nor this Court is bound by the decisions of the lower federal courts. ***In re Stevenson***, 40 A.3d 1212, 1221 (Pa. 2012) ("[T]he lower federal courts have only persuasive, not binding, effect on the courts of this Commonwealth.").

> Diaz argues that Mr. Kilby testified that he learned of the illiquidity of the subject investments in 2009 and that Mr. Kilby made a formal written complaint to securities regulators in June 2010. Therefore, Diaz argues that Mr. Kilby had actual notice of the basis for their claims in no later than June 2010, and they were obligated to bring their claim no later than June 2012. We note that Diaz made the same argument before the Panel during the arbitration. Diaz claims that the arbitrators made a mistake in the law as applied to this case. However, the arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. The arbitrators heard the facts and applied the law in this arbitration.

TCO, 6/4/2015, at 4-5 (citations omitted).

Indeed, in his brief to this Court, Diaz acknowledges that he was given the opportunity to present his statute-of-limitations defense, both in his answer and in closing arguments at the hearing. Diaz's Brief at 17. Thus, Diaz merely challenges the result, not the process. The trial court is correct: even if the arbitrators' determination that the Kilbys' claim could proceed despite the statute of limitations was an error of fact or law, neither the trial court nor this Court will disturb it. **Toll Naval Associates**, 85 A.3d at 525.

Diaz next claims that he was "denied a hearing" on the issue of credit for settlements the Kilbys reached with other parties, Diaz's Brief at 18, and that an irregularity was established by the arbitrators' "failure to consider" the statement by the Kilbys' counsel that they would deduct the settlement amounts from the panel's award. Diaz's Brief at 22.

In pursuing this claim in the trial court, Diaz attached an excerpt from the arbitration transcript in which the Kilbys' counsel made the following

- 6 -

statements to the arbitration panel, after informing the panel that he would do his best "to have some case law on the issue":

> I'll do my best to get to that issue, and also I have, depending on how the Panel might rule, I, well, I'll just, I know what the law says about it, but what I also would do, and I guess I'll volunteer this--at the end of the day I don't know if it's fair or not, but I did definitely want to be fair--so whatever there was in the settlements with both cases I would deduct that from whatever the Panel might award. I'm saying might, just so we're saying, I don't want to overstate anything, is that, and maybe I'm giving too much away, but I don't particularly believe that I, without the permission of the other SII who settled with us and First Allied who settled with us, to voluntarily discuss that amount, those settlements, I wouldn't feel comfortable in doing that because I believe that it would be a breach of the agreement….

Diaz's Supplemental Brief, 2/26/2015, at Exhibit A.

Although Diaz failed to attach the preceding pages of the transcript, it appears from this excerpt that the legal issue of whether an award against Diaz should be reduced by the amount the Kilbys received from other entities in fact was presented by Diaz to the arbitrators for their consideration. The trial court offered the following additional analysis:

> The Panel heard these comments from [the Kilbys'] counsel and did not require the [Kilbys] to disclose the settlement amounts or give a credit for the settlement amounts. We do not believe that Diaz, who bears the burden of establishing any irregularity and inequity, has demonstrated, by clear and convincing evidence, of an irregularity which resulted in an indifference to justice. The Panel was made aware that [the Kilbys] reached settlement with First Allied Securities, Inc. and SII Investments, Inc. Since the Panel was made aware of the settlement, they could have made the disclosure part of its award. As the transcript demonstrates, [the Kilbys'] counsel indicated that he might give the credit but he did not want to overstate anything.

> Since the Panel did not require disclosure, [the trial court] will not require [the Kilbys] to disclose the settlement amounts or require a credit of the settlements against the award.

TCO, 6/4/2015, at 5-6.

Thus, it is clear that Diaz was not denied a hearing on this issue; rather, he is unhappy with the arbitrators' legal determinations regarding double recovery and the relevance of evidence. Diaz's Brief at 18-21. Further, the arbitrators did not fail to apply some sort of stipulation or the like made by the Kilbys' counsel: counsel indicated that he believed that the law was on the Kilbys' side, that he would not voluntarily disclose the settlement amounts for fear of violating confidentiality requirements, but that the Kilbys **might** voluntarily reduce their recovery **depending on what the panel awarded**.[2] Even if the panel's legal determinations were wrong, it is not the place of the trial court or this Court to correct the arbitrators' errors of law. *Snyder*, 791 A.2d at 1201.

The same is true of Diaz's claims that the arbitrators awarded compensatory and punitive damages without evidentiary support. As the trial court explained:

> Although Diaz claims that the Panel did not have any basis to award compensatory damages, we cannot agree. First, Diaz

---

[2] Because the Kilbys were awarded less than one third of the compensatory damages they sought, it is not at all clear that the Kilbys were made more than whole by the compensatory damage award. **Compare** Petition to Vacate Arbitration Award, 12/4/2014, at Exhibit 1 (reflecting that the Kilbys claimed out-of-pocket losses of over $300,000) **with id.** at 3 (noting that the Kilbys were awarded less than $100,000 in compensatory damages).

has the burden of establishing both the underlying irregularity and the resulting inequity by clear, precise and indubitable evidence. Diaz attached to his Supplemental Brief excerpts allegedly from a transcript dated 8/23/2014 at pages 82-84. This excerpt does not allow this [c]ourt to determine what the [Kilbys] presented to the Panel in support of their request for compensatory damages. There is no clear, precise and indubitable evidence that the award of compensatory damages was the result of fraud, misconduct, corruption or other irregularity. The Panel did not address the issue of applying a credit towards the future income received from the subject investments and we will not speculate as to how they reached their decision. …

* * *

The assessment of punitive damages is proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct. Punitive damages are awarded to punish that person for such conduct. …

* * *

… The record does not contain the entire transcript of the 13 sessions which comprised the arbitration in this case. Diaz only filed excerpts of the transcript recording; therefore, we cannot surmise the content of other witnesses' testimony. A determination of whether a person's actions arise to outrageous conduct lies within the sound discretion of the fact-finder and will not be disturbed by an appellate court so long as that discretion has not been abused. Diaz must establish by clear, precise and indubitable evidence the award of punitive damages was the result of fraud, misconduct, corruption or other irregularity. He has not done so. …

TCO, 6/4/2015, at 7-10 (citations and quotation marks omitted).

Diaz's next claimed irregularity involves the panel's decision to allow certain rebuttal witnesses. The trial court discussed the issue as follows.

Diaz argues that the Panel engaged in gross misconduct by allowing [the Kilbys] to call rebuttal witnesses to discuss their dealings with Diaz. Diaz claims that both witnesses were his former clients and they had no personal knowledge of the claims in this case. Diaz argues that their testimony was irrelevant and highly prejudicial to his case. He cites the case of *In Re Catanella and E.F. Hutton and Co., Inc. Securities Litigation*, 1988 WL 33440 (E.D. Pa. 1988), in support of his position. In *Catanella*, the plaintiff sued E. F. Hutton and Kenneth G. Catanella, the account representative, for allegedly "churning" the account which resulted in losses to plaintiff. The *Catanella* Court determined that the probative value of the testimony of other customers was negligible and that the jury would likely become bogged down in collateral issues and likely become confused about issues to be decided.

Instantly, Diaz argues that these rebuttal witnesses should have been prohibited from testifying which unduly prejudiced his defense. However, we do not believe that the Panel would likely become bogged down in collateral issues or become confused about issues to be decided. The probative value of this evidence was for the Panel to decide and not this [c]ourt. …

TCO, 6/4/2015, at 6-7.

We agree. Diaz is unhappy with an evidentiary ruling. That is a claim of legal error, not a claim that Diaz "was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." *Toll Naval Associates*, 85 A.3d at 525.

Finally, Diaz contends that the award should be vacated because the arbitrators awarded counsel fees to the Kilbys "without any legal basis" and in contravention of the FINRA Arbitrator's Guide. Diaz's Brief at 29. The trial court disagreed:

> [T]he Award states that the Panel is awarding punitive damages and attorneys' fees because of the commission of fraudulent handling of documents by [] Diaz. Although Diaz claims that there is no basis in the record for the award of attorneys' fees, we will not speculate about how the arbitrators reached their decision to award attorneys' fees.[3] Moreover, we find that Diaz failed to meet his burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence.

TCO, 6/4/2015, at 11.

Yet again, we are presented with an alleged error of law, not a fundamental flaw in the process that deprived Diaz of a fair hearing. Diaz merely is attempting to relitigate legal issues to show the wrong result was reached. Such claims of arbitrators' error warrant no relief from the courts of this Commonwealth. *F.J. Busse Co.*, 879 A.2d at 812 (holding no relief was due upon claim that arbitrators incorrectly applied statute regarding attorney fees).

In sum, Diaz's complaints amount to the contention that he would have prevailed at the arbitration if the law had been applied the way he thinks is correct. Diaz had the opportunity to make his arguments to the arbitrators, but he lost. That is no reason for any court to disturb the decision of the arbitration panel. *See Gargano v. Terminix Int'l Co., L.P.*, 784 A.2d 188, 195 (Pa. Super. 2001) ("The mere fact that the arbitrator

---

[3] Again, such speculation would be required because Diaz filed of record only excerpts of the arbitration transcripts.

- 11 -

found in favor of the Appellees does not demonstrate that an irregularity and a resulting inequity occurred.").

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/4/2016