J-S02021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THOMAS A. MCDEVITT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RACHELLE GIZINSKI, AS | : | No. 385 EDA 2023 |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| BERNARD REX | : | |

Appeal from the Order Entered January 12, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220701906

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 26, 2024**

Thomas A. McDevitt (Broker) appeals from the order confirming the

arbitration award entered in favor of the Estate of Bernard Rex (the Estate)[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The underlying order, as well as Broker's Pa.R.A.P. 1925(b) concise statement, identify the appellee as Rachelle Gizinski, as administrator of the Estate.  ***See Prevish v. NW Med. Ctr. Oil City Campus***, 692 A.2d 192, 199 (Pa. Super. 1997) ("[A] decedent's estate cannot be a party to litigation unless a personal representative exists."); ***see also*** N.T., 10/13/22, at 4 (wherein the court discussed with the parties the addition of the Estate's representative).  We have corrected the caption accordingly.

by the Financial Industry Regulatory Authority, Inc. (FINRA),[2] and entering

judgment in favor of the Estate.  We affirm.

Broker served as Bernard Rex's (Mr. Rex) investment broker.  The trial

court aptly summarized the relationship and history between the parties:

> In 2014, [Mr.] Rex, a retiree, moved his funds from Ameriprise Financial, to Penn Guardian Investment Counsel, LLC, a new venture started by [Broker].  [Broker] managed Mr. Rex's funds through TD Ameritrade ("TD").  Mr. Rex invested all $600,000 of his retirement funds with [Broker].  Between 2014 and 2017, Mr. Rex's account lost nearly $500,000 in value.

> Mr. Rex died in 2017, and the account was transferred to his two daughters, Rachelle Gizinski and Yvonne Feranec.  In December 2018, the Estate commenced a FINRA arbitration against [Broker] and TD alleging various violations of FINRA rules.  The Estate settled its claims with TD in November 2021.

> The arbitration took place on June 16, 2022.  Three witnesses testified, including the Estate's expert witness, Charles Bowden.  At the close of the hearing, the three-member panel requested that the Estate produce the settlement agreement it had signed with TD in November 2021 that released TD from further liability.  The Estate submitted the settlement agreement on June 27, 2022.  On July 6, 2022, the panel issued an order stating submissions after [June] 28, 2022[,] would not be considered.  The panel issued the [$100,000] award in favor of the Estate on July 7, 2022.

Trial Court Opinion, 5/25/23, at 2 (some capitalization modified).

---

[2] "FINRA is responsible for regulatory oversight of all securities firms that do business with the public…."  ***NASDAQ OMX PHLX, Inc. v. PennMont Sec.***, 52 A.3d 296, 310 (Pa. Super. 2012) (citation and quotation marks omitted).

On September 26, 2022, Broker, *pro se*, filed a petition to vacate the arbitration award.[3] The trial court conducted a hearing on October 13, 2022, and entered an order denying Broker's petition to vacate on the same date. Broker represented himself throughout the trial court proceedings. Broker subsequently retained counsel, who entered his appearance on November 9, 2022.

Broker, through counsel, filed a premature notice of appeal from the order denying the petition to vacate.[4] On January 12, 2023, the trial court filed an order confirming the FINRA arbitration award in favor of the Estate and entering judgment in the amount of $100,000. Broker filed the instant

---

[3] Broker filed a *pro se* petition to vacate the arbitration award on July 22, 2022. The Estate filed a response, objecting to Broker's failure to include a Pa.R.C.P. 1026(a) notice to plead and asserting Broker's petition to vacate lacked legal sufficiency. In the certified record, Broker's September filing is titled a "praecipe to supplement/attach." For clarity, we refer to the filing as Broker's petition to vacate.

[4] "[A]n order denying a petition to vacate or modify is not an appealable order…." **Kemether v. Aetna Life & Cas. Co.**, 656 A.2d 125, 126 (Pa. Super. 1995). Instead, an appeal properly lies from the order confirming the arbitration award and entering judgment. **See id.** at 127 (recognizing that an appeal lies from an order confirming an arbitrator's award); **Snyder v. Cress**, 791 A.2d 1198, 1200-01 (Pa. Super. 2002) (permitting appeal where trial court did not enter a confirmation order, but judgment had been entered on the docket). This Court issued a rule to show cause why the case should not be remanded for entry of a confirmation order. Rule to Show Cause, 12/30/22. Receiving no response from Broker, this Court directed the trial court to enter an order confirming the arbitration award. Order, 3/3/23.

- 3 -

timely, counseled appeal.[5]   Broker and the trial court have complied with

Pa.R.A.P. 1925.

Broker raises the following claim for review: "Did the [trial] court err by

confirming the FINRA arbitration award in this case even though [the] panel

of arbitrators violated FINRA's procedural rules?"  Broker's Brief at 4 (some

capitalization modified).

Broker argues

the arbitration panel violated FINRA Rule 13608[6] when the panel:
(i) did not specify when the record would be closed at the

_____

[5] Because Broker filed a second appeal following the court's January 12, 2023,
order confirming the award and entering judgment, this Court *sua sponte*
dismissed Broker's first appeal as duplicative of the instant matter.

[6] FINRA Rule 13608 provides:

13608. Closing the Record

(a)  The panel will decide when the record is closed.  Once the
record is closed, no further submissions will be accepted from any
party.

(b) In cases in which no hearing is held, the record is presumed
to be closed when the Director sends the pleadings to the panel,
unless the panel requests, or agrees to accept, additional
submissions from any party.  If so, the record is presumed to be
closed when the last such submission is due.

(c) In cases in which a hearing is held, the panel will generally
close the record at the end of the last hearing session, unless the
panel requests, or agrees to accept, additional submissions from
any party.  If so, the panel will inform the parties when the
submissions are due and when the record will close.

FINRA Rule 13608, available at https://www.finra.org/rules-
guideance/rulebooks/finra-rules/13608 (last viewed Jan. 29, 2024).

conclusion of the hearing, even though the panel specifically asked for the Estate to provide evidence (settlement agreement); (ii) did not give [Broker] the opportunity to respond; and, (iii) retroactively closed the record in such a fashion as to eliminate [Broker's] ability to respond to the late, post-hearing submission of evidence.

*Id.* at 7-8 (some capitalization modified; footnote added). Broker claims he was unable to make an argument concerning damages until the Estate had submitted a copy of the settlement agreement. *Id.* According to Broker, the arbitration award was the result of an irregularity, *i.e.*, the arbitration panel's violation of FINRA Rule 13608 by failing to specify when the record would be closed, and by accepting evidence provided by the Estate.

"Neither we nor the trial court may retry the issues addressed in arbitration or review the tribunal's disposition on the merits of the case." *Civan v. Windermere Farms, Inc.*, 180 A.3d 489, 493 (Pa. Super. 2018) (citation omitted). Thus, this Court's "standard of review in arbitration confirmation cases is whether, in interpreting the award, the trial court exceeded its scope of authority by an abuse of discretion or error of law." *Roccograndi v. Martin*, 214 A.3d 251, 256 (Pa. Super. 2019).

The parties agree the underlying arbitration was governed by 42 Pa.C.S.A. § 7341 *et seq.*, concerning common law arbitration. Section 7341 provides:

The award of an arbitrator in a nonjudicial arbitration … is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

- 5 -

42 Pa.C.S.A. § 7341. Interpreting Section 7341, this Court has explained,

> we must confine our review to whether the appellant was deprived of a hearing or whether fraud, misconduct, corruption or other irregularity tainted the award. **The appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence.** In this context, irregularity refers to the process employed in reaching the result of the arbitration, not the result itself.

*U.S. Spaces, Inc. v. Berkshire Hathaway Home Servs., Inc.*, 165 A.3d 931, 934 (Pa. Super. 2017) (citation omitted; emphasis added). "A cognizable irregularity may appear in the conduct of either the arbitrators or the parties." *F.J. Busse Co., Inc. v. Sheila Zipporah, L.P.*, 879 A.2d 809, 811 (Pa. Super. 2005). Further, "the phrase 'other irregularity' in the process employed imports 'such bad faith, ignorance of the law and indifference to the justice of the result' as would cause a court to vacate an arbitration award." *Id.*

Instantly, the trial court determined Broker had failed to offer "clear, precise, and indubitable evidence" of an irregularity in the arbitration process that would warrant modification:

> At issue is the settlement between the Estate and TD entered on or about November 4, 2021. The panel requested the settlement agreement so it could, if necessary, offset the settlement proceeds the Estate had received from TD against any potential award the panel would enter against [Broker]. When the Estate entered into the settlement agreement, it copied [Broker] and uploaded the settlement agreement to the FINRA online portal. [Broker] now argues that the panel, when it requested a copy of the settlement agreement from the Estate at the conclusion of the hearing, should have provided the parties with a clear deadline for additional submissions.

> Even if [Broker's] interpretation of Rule 13608 is correct, and the settlement agreement can be considered an additional submission under the rule, it is unclear how [Broker] was prejudiced by the Estate's submission of the settlement agreement to the panel. [Broker's] burden was to demonstrate by "clear, precise, and indubitable evidence" that this irregularity—meaning the process employed by the panel—was inequitable. [Broker] did not do so. **There is nothing in the award which suggests that the panel relied upon or used the settlement agreement in any manner whatsoever to reach its result.**

Trial Court Opinion, 5/25/23, at 4-5 (some capitalization modified; emphasis added).

We discern no error or abuse of discretion in the trial court's confirmation of the FINRA arbitration award. Broker has established no irregularity in the arbitration process amounting to bad faith, ignorance of the law or indifference to the justice of the result. *See **F.J. Busse***, 879 A.2d at 811. Broker established no inequity resulting from the purported irregularity. As the trial court aptly noted, there is no indication in the record that the panel used the settlement agreement in determining its award. ***See*** Trial Court Opinion, 5/25/23, at 5. Broker fails to explain how the settlement between the Estate and TD affected his own liability or the calculation of damages against him.[7]

---

[7] Broker argued in the trial court that the settlement agreement released him from liability. ***See*** Trial Court Opinion, 5/25/23, at 5. Though Broker does not expressly raise this argument on appeal, we note our agreement with the trial court's assessment of the claim:
*(Footnote Continued Next Page)*

As Broker did not meet his burden, the trial court properly denied his petition to vacate the arbitration award. We therefore affirm the trial court's order confirming the arbitration award entered against Broker, and in favor of the Estate.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/26/2024

---

The settlement agreement [] (i) [was] between the Estate and TD; (ii) dismissed the Estate's claims against TD; and (iii) released TD from further liability. [Broker] is an independent contractor. He was not an employee of TD. He did not assert a claim for indemnification against TD. And [Broker] did not ever claim during the arbitration, or in any post-arbitration submission, that he was released by the settlement agreement.

Trial Court Opinion, 5/25/23, at 5 (some capitalization modified; citations to record omitted).